**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 26-CR-136-JFH** |
| **JOSHUA MICHAEL ARNEECHER,** | |
| **Defendant.** | |

## OPINION AND ORDER

Before the Court is a Motion to Extend Scheduling Order Deadlines ("Motion") filed by

Defendant Joshua Michael Arneecher.  Dkt. No. 17.  The Motion indicates that the United States

of America ("Government") does not oppose the requested continuance. *Id.* at 1.  For the following

reasons, the Motion is GRANTED.

Section 3161(h)(7)(A) of the Speedy Trial Act permits a federal district court to exclude

any period of delay resulting from a continuance if "the judge granted such continuance on the

basis of his findings that the ends of justice served by taking such action outweigh the best interest

of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  A court must set

forth its reasons for granting an ends-of-justice continuance either orally or in writing and make

findings that the continuance is in the best interest of the defendant and the public.  *Id.*  Among

other factors, a court may consider whether "the failure to grant such a continuance . . . would deny

counsel for the defendant or the attorney for the Government the reasonable time necessary for

effective preparation, taking into account the exercise of due diligence."  *Id.* § 3161(h)(7)(B)(iv).

The Tenth Circuit has emphasized, however, that the ends-of-justice continuance is intended to be

a "rarely used tool" and should never be granted "cavalierly."  *E.g.*, *United States v. Williams*,

511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit reiterated that the ends-of-justice continuance is intended to be a rarely used procedural tool and accordingly limited the circumstances in which one could be granted. The parties must provide the district court with a sufficient record to determine why the facts stated in a motion to continue "result[] in the need for additional time." *Id*. at 1271. The parties must offer specific information regarding the need for continuance, and the district court may determine that a hearing is warranted before granting an ends-of-justice continuance. *Id*. at 1272-73. Finally, a district court must accord substantial weight to the public's interest in a speedy trial, which is generally best served by strict adherence to the requirements of the Speedy Trial Act. *Id*. at 1273.

In this case, Defendant requests additional time to receive and review discovery materials and to prepare a defense accordingly. Dkt. No. 17 at 1-2. The Court finds Defendant has executed a speedy trial waiver asking the Court to exclude any period of delay for an ends-of-justice continuance. Dkt. No. 18. In addition to considering Defendant's interests, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends-of-justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

IT IS THEREFORE ORDERED that Defendant's Unopposed Motion to Extend Scheduling Order Deadlines [Dkt. No. 17] is GRANTED. The jury trial set for September 14, 2026, at 8:45 a.m. is stricken, and the following amended scheduling order is hereby entered:

| | | |
|---|---|---|
| Joint status report regarding production of discovery filed: | 10/5/2026 | |
| Notices filed: | 10/5/2026 | |

Including all notices required by FRCrP and FRE, including Rule 16, 404(b), 412, 413, 414 or 609

| | | |
|---|---|---|
| Motions to dismiss for insufficient indictment filed: | 10/5/2026 | |
| Motions and objections to notices filed: | 10/14/2026 | |

Absent good cause, motions in limine shall be filed by this date.

Motions for bill of particulars shall be filed pursuant to FRCrP 7(f).

| | | |
|---|---|---|
| Pretrial conference: | 10/22/2026 | at 12:00 p.m. |
| Voir dire, jury instructions, stipulations, and trial briefs filed: | 11/6/2026 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 11/12/2026 | by 4:00 p.m. |
| Three hard-copy exhibit binders delivered to Court: | 11/12/2026 | by 4:00 p.m. |
| Jury trial: | 11/16/2026 | at 8:45 a.m. |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 47-4, which requires a motion state on the first page whether or not it is opposed and, if opposed, state whether concurrence was refused or explain why concurrence could not be obtained.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the pretrial docket call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the change of plea hearing.

The parties are encouraged to review the Court's CHAMBERS RULES.

IT IS FURTHER ORDERED that the time from September 14, 2026, inclusive, to November 16, 2026, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

Dated this 4th day of August 2026.

_____

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE