**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JOSHUA MICHAEL ARNEECHER,**<br><br>**Defendant.** | **Case No. 26-CR-136-JFH** |

**OPINION AND ORDER**

Before the Court is a motion to dismiss Count Two of the Indictment under Federal Rule of Criminal Procedure 12(b)(3)(B)(ii) ("Motion") filed by Defendant Joshua Michael Arneecher. Dkt. No. 23. The United States of America ("Government") opposes the Motion. Dkt. No. 26. For the reasons set forth below, the Motion is DENIED.

Defendant is indicted on two counts of false statement to acquire a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). Dkt. No. 2. The Indictment alleges that, on or about February 26, 2026, Defendant knowingly made two false statements while attempting to purchase a 9mm pistol from a licensed firearm dealer. *Id.* Both statements were allegedly made in a single ATF Form 4473. *Id.* Count One charges Defendant with falsely stating "that he had never been convicted in any court of a crime for which he could be imprisoned for more than one year." *Id.* at 1. Count Two charges him with falsely stating "that he had never been convicted in any court of a misdemeanor crime of domestic violence." *Id.* at 2.

Defendant asserts that Counts One and Two are multiplicitous and accordingly moves to either dismiss the latter charge or compel the Government to proceed with only one of the two. Dkt. No. 23 at 13. The Government argues that the charges are not multiplicitous and that dismissal at this stage would not be the proper remedy regardless. Dkt. No. 26 at 6.

"The Double Jeopardy Clause protects a defendant 'against cumulative punishments for convictions on the same offense.'" *United States v. Benoit*, 713 F.3d 1, 12 (10th Cir. 2013) (quoting *Ohio v. Johnson*, 467 U.S. 493, 500 (1984)). "Multiplicity," in turn, "refers to multiple counts of an indictment which cover the same criminal behavior." *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997). Whereas "multiplicitous sentences violate the Double Jeopardy Clause," *United States v. Morris*, 247 F.3d 1080, 1083 n.2 (10th Cir. 2001), multiplicitous charging "is not fatal to an indictment," *United States v. Morehead*, 959 F.2d 1489, 1505 (10th Cir. 1992). *But see United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006) ("[M]ultiplicitous counts which may result in multiplicitous convictions are considered 'improper because they allow multiple punishments for a single criminal offense.'" (quoting *United States v. Jenkins*, 313 F.3d 549, 557 (10th Cir. 2002))). Thus, "[a] decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court." *Johnson*, 130 F.3d at 1426 (affirming denial of pretrial motion to dismiss counts as multiplicitous where "the possibility (albeit slim) existed that [Defendant] could be convicted on one count and acquitted on the other" and where there was "little if any risk that the evidence pertaining to the multiple firearm counts resulted in the jury reaching a compromise verdict or in assuming [Defendant's] guilt on one or more of the counts").

In this case, the Court is inclined to agree with Defendant that Counts One and Two of the Indictment are multiplicitous. Yet, the possibility remains that Defendant could be convicted of only one of the two charges, and there is little risk that a jury will reach an improper verdict if evidence is presented on both counts. As such, the Court will exercise its discretion to deny the Motion. If Defendant is ultimately convicted of multiplicitous counts, the Court will vacate one of the convictions so as to avoid imposition of multiplicitous sentences. *See McCullough*, 457

F.3d at 1162 ("Where multiplicitous convictions are found, 'the only remedy . . . is . . . to vacate one of the underlying convictions as well as the . . . sentence based upon it.'" (quoting *Rutledge v. United States*, 517 U.S. 292, 301-02 (1996))).

IT IS THEREFORE ORDERED that Defendant's Opposed Motion to Dismiss Count Two as Multiplicitous [Dkt. No. 23] is DENIED.

Dated this 20th day of October 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE